# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR OWNIT MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSETBACKED CERTIFICATES, SERIES 2006-3,<br><br>Plaintiff,<br>v.<br><br>SFR INVESTMENTS POOL 1, LLC; EL CAPITAN RANCH LANDSCAPE MAINTENANCE ASSOCIATION,<br><br>Defendants. | Case No. 2:18-cv-00013-RFB-NJK<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court are Defendant SFR Investments Pool 1, LLC's ("SFR's") Renewed Motion to Dismiss (ECF No. 35), SFR's Motion to Stay (ECF No. 42), Defendant El Capitan Ranch Landscape Maintenance Association ("the HOA's") Motion to Dismiss (ECF No. 45), the HOA's Motion for Summary Judgment (ECF No. 63), and SFR's Motion for Summary Judgment (ECF No. 64).

Plaintiff U.S. Bank National Association as Trustee for Ownitt Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates4, Series 2006-3 ("U.S. Bank") has asserted the following claims against SFR and/or the HOA: (1) Quiet Title/Declaratory Relief Pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, (2) Declaratory Relief Under Amendments V and XIV to the U.S. Constitution, (3) Quiet Title Under the Amendments V and XIV to the U.S. Constitution, (4) Permanent and Preliminary Injunction, (5) Unjust Enrichment, and (6) Fraud in the Inducement, or alternatively Promissory Estoppel and Breach of Contract. ECF No. 1.

For the reasons stated below, the Court grants El Capitan's Motion to Dismiss and denies its Motion for Summary Judgment as moot. The Court grants in part and denies in part SFR's Renewed Motion to Dismiss, grants in part and denies its Motion for Summary Judgment, and denies its Motion to Stay as moot. U.S. Bank proceeds in this matter only as to its unjust enrichment claim against SFR regarding its alleged payment of taxes, insurance or HOA assessments.

## II. FACTUAL BACKGROUND

The Court summarizes the facts alleged in U.S. Bank's complaint. ECF No. 1.

On or about November 14, 2005, Henry Lujan Jr. purchased real property located at 8768 Autumn Wreath Avenue, Las Vegas, Nevada 89129 (APN: 138-08-613-013) ("the Property").

The Deed of Trust executed by Lujan identified Ownit Mortgage Solutions, Inc. as the Lender, First American Title as the Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") solely as a nominee for Lender and Lender's successors and assigns, securing a loan in the amount of $250,000.00. On December 28, 2011, an Assignment of Deed of Trust was recorded in which MERS as nominee for Ownit Mortgage Solutions, Inc. assigned all beneficial interest in the Deed of Trust to U.S. Bank.

On March 31, 2010, a Notice of Delinquent Assessment was recorded against the Property by Alessi & Koenig, LLC (the "HOA Trustee") on behalf of the HOA.

On August 31, 2010, a Notice of Default and Election to Sell under Homeowners Association Lien was recorded against the Property by the HOA Trustee on behalf of the HOA, stating that the amount due as of July 2, 2010 was $1,703.00.

On August 14, 2012, a Notice of Trustee's Sale was recorded against the Property by the HOA Trustee on behalf of the HOA, stating that the amount due as of the initial publication of the Notice of Sale was $2,869.00.

Upon information and belief, pursuant to the Trustee's Deed Upon Sale, a nonjudicial foreclosure sale occurred on December 12, 2012 whereby SFR acquired its interest, if any, in the

Property for $10,000.00. The Trustee's Deed Upon Sale stated that the amount of the unpaid debt together with costs at the time of the HOA Sale was $3,577.00.

### III. PROCEDURAL BACKGROUND

U.S. Bank filed its complaint on January 3, 2018. ECF No. 1.

On February 26, 2018, the HOA filed a Motion to Dismiss. ECF No. 9. On April 16, 2018, SFR filed a Motion to Dismiss. ECF No. 23.

On April 30, 2018, the Court entered a scheduling order. ECF No. 26. On July 13, 2018, the Court denied the two pending motions to dismiss without prejudice and issued a stay in the case pending the Nevada Supreme Court's decision on a certified question of law regarding NRS 116's notice requirement in Bank of N.Y. Mellon v. Star Hill Homeowners Ass'n, Case No. 2:16-cv-02561-RFB-PAL. ECF No. 34. The Nevada Supreme Court published an answer to the certified question on August 2, 2018. SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248 (Nev. 2018).

On August 23, 2018, SFR filed the instant Renewed Motion to Dismiss. ECF No. 35. On September 13, 2018, the Court lifted the stay and issued an updated scheduling order. ECF No. 40. SFR filed the instant Motion to Stay on September 20, 2018. ECF No. 42. The HOA filed the instant Motion to Dismiss on September 24, 2018. ECF No. 45. Discovery closed on November 26, 2018. ECF No. 40.

On January 25, 2019, the HOA and SFR each filed the instant Motions for Summary Judgment. ECF Nos. 63, 64.

### IV. LEGAL STANDARD

#### a. Motion to Dismiss

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable

to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

### b. Motion for Summary Judgment

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

### V. DISCUSSION

In their respective motions to dismiss, SFR and the HOA each argue that U.S. Bank's complaint is time-barred pursuant to a three-year statute of limitations, or, at most a four-year statute of limitations. In response, U.S. Bank argues (1) that the Nevada Real Estate Division ("NRED") mediation process tolled the statute of limitations pursuant to NRS 38.350; (2) that a five-year statute of limitations applies to quiet title; (3) that a six-year statute of limitations applies to breach of contract; (4) that its claims accrued not upon the December 12, 2012 sale but upon the September 18, 2014 decision of the Nevada Supreme Court in SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408 (Nev. 2014); and (5) that no statute of limitations applies to declaratory relief. The Court grants SFR's and El Capitan's motions on the basis of the statute of limitations and failure to state a claim for all claims, except the unjust enrichment claim against SFR.

### A. Statute of Limitations

Accepting the allegations in the complaint as true, the Court determines whether "the running of the statute is apparent on the face of the complaint." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (citation omitted). A complaint may be dismissed as untimely only where "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995).

For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). U.S. Bank alleges that the HOA foreclosed on its lien on December 12, 2012. The Court finds that this is the date that the statute began to run. On this date, if not before, U.S. Bank would have been aware of all of its claims as they all arise from the foreclosure sale itself or the effect of the foreclosure sale. The complaint was filed on January 3, 2018, just over five years later.

Contrary to U.S. Bank's argument, the claim did not accrue on September 18, 2014, the date of the Nevada Supreme Court decision in SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408 (Nev. 2014). The Nevada Supreme Court has held that SFR Investments applies retroactively and constitutes an interpretation of NRS 116.3116 rather than a change in law. K&P Homes v. Christiana Trust, 133 Nev. Adv. Op. 51 (July 27, 2017). Because NRS 116.3116 was in effect at the time of the foreclosure sale, the Court finds that U.S. Bank's claim accrued at that time of the foreclosure.

U.S. Bank argues that its NRED mediation which only involved El Capitan and not SFR began on December 4, 2015 and concluded on September 27, 2017, tolling the statute of limitations for nearly two years. NRS 38.350 tolls the statute of limitations, from the time a claim is submitted to mediation until the conclusion of mediation, as to any claim described in NRS 38.310. NRS 38.310, which outlines the mediation requirement for certain claims, applies to any "claim relating to":

> (a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association; or

>    (b) The procedures used for increasing, decreasing or imposing additional assessments upon residential property[.]

The Nevada Supreme Court has held that wrongful foreclosure claims, which require interpretation of an HOA's covenants, conditions, or restrictions ("CC&Rs"), are subject to NRS 38.310, while quiet title claims, which require a court to determine who holds superior title, are exempt. McKnight Family, L.L.P. v. Adept Mgmt., 310 P.3d 555, 559 (Nev. 2013). Thus, the only claims that would be subject tolling pursuant to NRS 38.310 would be a claim based upon an interpretation of the CC&R's. The Court finds that U.S. Bank's complaint states no wrongful foreclosure claim, and that the NRS 38.350 tolling provision does not apply to the various grounds for U.S. Bank's quiet title claim but it does apply to U.S. Bank's claims based on the CC&R's.

## B. Contract And Inducement Claims

U.S. Bank has brought claims for breach of contract, enforcement of the CC&R's and inducement based upon the CC&R's against El Capitan. These claims must all be dismissed for failure to state a claim notwithstanding the statute of limitations for such claims. That is because a foreclosure sale cannot be invalidated by an HOA's failure to comply with a requirement in its own CC&Rs. NRS 116.1104 states that, absent express statutory language to the contrary, Chapter 116's provisions "may not be varied by agreement, and rights conferred by it may not be waived." Chapter 116 does not expressly provide that a declaration can set forth additional notice requirements that, unless satisfied, negate the status of the super-priority portion of an HOA's lien. See SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408, 418–19 (Nev. 2014) (holding that the bank's argument that a mortgage savings clause in the CC&Rs subordinated the HOA's super-priority lien was defeated by NRS 116.1104, and stating that "[t]he mortgage savings clause thus does not affect NRS 116.3116(2)'s application in this case").

In its breach of contract and inducement claims, U.S. Bank relies upon the foreclosure sale itself to establish these claims. More specifically the Court finds that the Plaintiff essentially seeks to use the content of the CC&R's to create contractual and other claims in order to circumvent the Nevada Supreme Court's decision in SFR Investments. 334 P.3d at 418–19 (holding that contract terms in the CC&Rs cannot override or alter the effect of the statutory scheme in NRS Chapter

116). Plaintiff cannot get around the effect of NRS Chapter 116 as it relates to the CC&R's simply by relabeling such claims as contract or fraud claims. Plaintiff's fundamental dispute is with the operation of the statutes and not the conduct of El Capitan. To the extend Plaintiff was induced, it was induced by its own misinterpretation of the law regarding the enforceability of provisions of the CC&R's.

It would also be an unreasonable interpretation of the terms of the CC&R's and in violation of public policy for the Court to construe the CC&R's as operating contrary to Nevada law. Rivero v. Rivero, 429, 216 P.3d 213, 226 (Nev. 2009)(noting that "[p]arties are free to contract, and the courts will enforce their contracts if they are not unconscionable, illegal, or in violation of public policy"); Shelton v. Shelton, 78 P.3d 507, 510 (Nev. 2003) (noting preference under Nevada law for "reasonable" interpretation of contract terms). Yet, in order for these claims to survive the Court would have to find that such contract claims could exist based upon theories of interpretation and enforcement that are contrary to NRS Chapter 116. The Court declines as a matter of public policy to do so. Thus, regardless of whether a six-year or lesser statute of limitations applies, U.S. Bank's separately-alleged contract-based claims fail as a matter of law. U.S. Bank cannot seek any money damages from the HOA from an alleged violation of the CC&Rs; to the extent the CC&Rs conflict with Chapter 116, such terms are unenforceable and therefore El Capitan cannot be liable for their breach.

Because tolling does not affect the statute of limitations calculation in this case regarding the quiet title and declaratory judgment claims, the Court finds that the applicable three- and four-year statutes of limitations pursuant to Nevada law foreclose U.S. Bank's quiet title claim on all other grounds. Insofar as U.S. Bank's pleading relates to any right protected by NRS 116.3116 and the violation of that right, U.S. Bank's claims carry a three-year statute of limitations pursuant to NRS 11.190(3)(a), which applies to actions upon a liability created by statute. Insofar as U.S. Bank seeks relief based on alleged unconstitutionality, or on equitable grounds, U.S. Bank's claims fall within the four-year catch-all provision at NRS 11.220 and are similarly foreclosed.

The Court finds that U.S. Bank is not entitled to the five-year statute of limitations for certain quiet title actions pursuant to NRS 11.070 and 11.080. The statute of limitations provided

by these code sections only apply when the plaintiff actually "was seized or possessed of the premises." Nev. Rev. Stat. §§ 11.070, 11.080; see also Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A., 388 P.3d 226, 232 (Nev. 2017) (NRS 11.080); Bissell v. Coll. Dev. Co., 469 P.2d 705, 707 (Nev. 1970) (NRS 11.070). NRS 11.070 and 11.080 do not apply to claims by parties that held only a lien interest, not title.

U.S. Bank also incorrectly asserts that no statute of limitations applies to seek declaratory relief. "A claim for declaratory relief is subject to a statute of limitations generally applicable to civil claims." Zuill v. Shanahan, 80 F.3d 1366, 1369–70 (9th Cir. 1996). While Nevada law recognizes that "[t]he statute of limitations applies differently depending on the type of relief sought" and that "claimants retain the right to prevent future violations of their constitutional rights [through prospective relief]," City of Fernley v. State, Dep't of Tax, 366 P.3d 699, 706 (Nev. 2016), the relief U.S. Bank seeks is retrospective in nature. To award the relief U.S. Bank seeks, the Court would need to declare retrospectively that the foreclosure sale did not extinguish the senior deed of trust or that the foreclosure sale was void. The statute of limitations as outlined above therefore applies.

As U.S. Bank's quiet title claims and associated requests for relief are barred, and its contract-based claim is foreclosed as a matter of law, only U.S. Bank's unjust enrichment claim against SFR remains. The Court finds that it cannot clearly determine from the complaint when the statute of limitations began to run on the unjust enrichment claim. The claim is therefore not necessarily barred by the statute of limitations.

The Court thus turns to the unjust enrichment claim. Unjust enrichment is a theory of restitution in which a plaintiff confers a benefit and seeks payment of "as much as he ... deserve[s]" for that benefit. Certified Fire Prot. Inc. v. Precision Constr., 283 P.3d 250, 257 (Nev. 2012) (alteration in original). "Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment for the value thereof." Id. Benefit "denotes any form of advantage," including but not limited to retention of money or property. Id. However, "principles

of unjust enrichment will not support the imposition of a liability that leaves an innocent recipient worse off . . . than if the transaction with the claimant had never taken place." Id.

Insofar as U.S. Bank argues SFR's interest in the Property constitutes unjust enrichment, U.S. Bank cannot succeed. As discussed above, U.S. Bank is barred from proceeding on a quiet title claim that could demonstrate any ongoing interest in the Property such that SFR's interest in the Property would be unjust. However, U.S. Bank retains an unjust enrichment claim as to an alleged benefit sustained by SFR as a result of U.S. Bank's alleged payment of taxes, insurance or HOA since the time of the foreclosure sale.

The Court will therefore issue a separate ruling on SFR's pending Motion for Summary Judgment (ECF No. 64) just as to the unjust enrichment claim.

## VI. CONCLUSION

**IT IS ORDERED** that Defendant El Capitan Ranch Landscape Maintenance Association's Motion to Dismiss (ECF No. 45) is GRANTED and its Motion for Summary Judgment (ECF No. 63) is DENIED as moot. El Captain Ranch Landscape Maintenance Association is dismissed from this case.

**IT IS FURTHER ORDERED** that Defendant SFR Investments Pool 1, LLC's Renewed Motion to Dismiss (ECF No. 35) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that SFR's Motion to Stay (ECF No. 42) is DENIED as moot.

DATED: March 31, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRCIT JUDGE