**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR OWNIT MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSETBACKED CERTIFICATES, SERIES 2006-3,<br><br>Plaintiff,<br>v.<br><br>SFR INVESTMENTS POOL 1, LLC; EL CAPITAN RANCH LANDSCAPE MAINTENANCE ASSOCIATION,<br><br>Defendants. | Case No. 2:18-cv-00013-RFB-NJK<br><br>**ORDER** |

**I.  INTRODUCTION**

Before the Court is Defendant SFR Investments Pool 1, LLC's ("SFR") Motion for Summary Judgment (ECF No. 64). The Court previously dismissed as time-barred all of Plaintiff U.S. Bank's claims with the exception for the unjust enrichment claim. The Court now grants SFR's Motion for Summary Judgment as to the unjust enrichment claim.

**I.  PROCEDURAL BACKGROUND**

U.S. Bank filed its complaint on January 3, 2018 asserting various claims for declaratory relief and quiet title stemming from a nonjudicial foreclosure sale on a property for which it held a deed of trust. ECF No. 1.

///

On February 26, 2018, Defendant El Capitan Ranch Landscape Maintenance Association ("the HOA") filed a Motion to Dismiss. ECF No. 9. On April 16, 2018, SFR filed a Motion to Dismiss. ECF No. 23.

On April 30, 2018, the Court entered a scheduling order. ECF No. 26. On July 13, 2018, the Court denied the two pending motions to dismiss without prejudice and issued a stay in the case pending the Nevada Supreme Court's decision on a certified question of law regarding the notice requirements of Chapter 116 of the Nevada Revised Statutes ("NRS") in Bank of N.Y. Mellon v. Star Hill Homeowners Ass'n, Case No. 2:16-cv-02561-RFB-PAL. ECF No. 34. The Nevada Supreme Court published an answer to the certified question on August 2, 2018. SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248 (Nev. 2018).

On August 23, 2018, SFR filed the instant Renewed Motion to Dismiss. ECF No. 35. On September 13, 2018, the Court lifted the stay and issued an updated scheduling order. ECF No. 40. SFR filed the instant Motion to Stay on September 20, 2018. ECF No. 42. The HOA filed a Motion to Dismiss on September 24, 2018. ECF No. 45. Discovery closed on November 26, 2018. ECF No. 40.

On January 25, 2019, the HOA and SFR each filed Motions for Summary Judgment. ECF Nos. 63, 64.

On March 31, 2019, the Court issued an order that dismissed as time-barred all of U.S. Bank's claims with the exception of the unjust enrichment claim. ECF No. 68. SFR answered the complaint on April 15, 2019. ECF No. 69.

## II. FACTUAL BACKGROUND

### a. Undisputed Facts

The Court finds the following facts to be undisputed.

On or about November 14, 2005, Henry Lujan Jr. purchased real property located at 8768

Autumn Wreath Avenue, Las Vegas, Nevada 89129 (APN: 138-08-613-013) ("the Property").

The Deed of Trust executed by Lujan identified Ownit Mortgage Solutions, Inc. as the Lender, First American Title as the Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") solely as a nominee for Lender and Lender's successors and assigns, securing a loan in the amount of $250,000.00. On December 28, 2011, an Assignment of Deed of Trust was recorded in which MERS as nominee for Ownit Mortgage Solutions, Inc. assigned all beneficial interest in the Deed of Trust to U.S. Bank.

On March 31, 2010, a Notice of Delinquent Assessment was recorded against the Property by Alessi & Koenig, LLC (the "HOA Trustee") on behalf of the HOA.

On August 31, 2010, a Notice of Default and Election to Sell under Homeowners Association Lien was recorded against the Property by the HOA Trustee on behalf of the HOA, stating that the amount due as of July 2, 2010 was $1,703.00.

On August 14, 2012, a Notice of Trustee's Sale was recorded against the Property by the HOA Trustee on behalf of the HOA, stating that the amount due as of the initial publication of the Notice of Sale was $2,869.00.

A nonjudicial foreclosure sale occurred on December 12, 2012 whereby SFR acquired its interest, if any, in the property for $10,000.00. The Trustee's Deed Upon Sale stated that the amount of the unpaid debt together with costs at the time of the HOA Sale was $3,577.00.

**b. Disputed Facts**

The Court does not find there to be any undisputed facts.

### III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no

3

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

**IV. DISCUSSION**

Unjust enrichment is a theory of restitution in which a plaintiff confers a benefit and seeks payment of "as much as he ... deserve[s]" for that benefit. Certified Fire Prot. Inc. v. Precision Constr., 283 P.3d 250, 257 (Nev. 2012) (alteration in original). "Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment for the value thereof." Id. Benefit "denotes any form of advantage," including but not limited to retention of money or property. Id. However, "principles of unjust enrichment will not support the imposition of a liability that leaves an innocent recipient worse off . . . than if the transaction with the claimant had never taken place." Id.

The Court previously found that U.S. Bank could only proceed on its unjust enrichment claim as to an alleged benefit sustained by SFR as a result of U.S. Bank's alleged payment of taxes,

///

insurance or HOA assessments since the time of the foreclosure sale. See Order dated March 31, 2019, ECF No. 68 at 9. In its complaint, U.S. Bank alleges that "[SFR] has benefitted from [U.S. Bank's] payment of taxes, insurance or homeowner's association assessments since the time of the HOA sale." Pl.'s Compl. at 15, ECF No. 1 But U.S. Bank has not provided the Court with any information regarding the amount of these alleged payments. "A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Having failed to establish with admissible evidence that U.S. Bank made any payments that benefitted SFR after the foreclosure sale, U.S. Bank's unjust enrichment claim fails a matter of law.

### V. CONCLUSION

**IT IS ORDERED** that Defendant SFR Investment Pool 1, LLC's Motion for Summary Judgment (ECF No. 64) is GRANTED.

The Clerk of the Court is instructed to enter judgment accordingly and close the case.

DATED: September 29, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**